

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
MAUREEN KEENAN,

               Plaintiff,                    MEMORANDUM & ORDER
                                             21-CV-6928 (JS)(JMW)
     -against-

MARK PAV, CHRISTOPHER LAROCCO,
REBECCA MARCUS, MAUREEN MARCUS,
and COUNTY OF SUFFOLK,

               Defendants.
---------------------------------X
APPEARANCES

For Plaintiff:          Joshua B. Pepper, Esq.
                        Law Office of Joshua Pepper, PLLC
                        30 Wall Street, 8th Floor
                        New York, New York 10005

For Defendants Mark     Stacy A. Skorupa, Esq.
Pav, Christopher        Suffolk County Department of Law
LaRocco, and County     H. Lee Dennison Building
of Suffolk:             100 Veterans Memorial Highway
                        Hauppauge, New York 11788

For Defendants          Christopher P. Ring, Esq.
Rebecca Marcus and      Law Office of Christopher P. Ring
Maureen Marcus:         737 Smithtown Bypass
                        Smithtown, New York 11787

                        David Antwork, Esq.
                        1757 Merrick Avenue, Suite 205
                        Merrick, New York 11566
```

SEYBERT, District Judge:

Presently before the Court is the Suffolk County Defendants'[1] Motion for Reconsideration (hereafter, the "Reconsideration Motion") (ECF No. 62), requesting the Court: (1) update the docket sheet to "reflect that the complaint against" Defendant Suffolk County is dismissed; (2) reconsider its decision to grant summary judgment in Plaintiff's favor as to Count Three; and (3) reconsider its decision declining to opine as to whether Defendants' Pav and LaRocco are entitled to qualified immunity. For the following reasons, the Reconsideration Motion is GRANTED; however, upon reconsideration, the Court adheres to its original decision.

I. Standard of Review

The standard for granting a motion for reconsideration is "strict." Callari v. Blackman Plumbing Supply, Inc., 153 F. Supp. 3d 590, 592 (E.D.N.Y. 2015) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  Indeed, "to succeed on a motion for reconsideration, the movant must show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956

---

[1] The Court incorporates herein the defined terms utilized in the March 31, 2025 Memorandum and Order on Summary Judgment (hereafter "Summary Judgment Order") (Mem. and Order, ECF No. 61), familiarity with which is presumed.

F.2d 1245, 1255 (2d Cir.1992)) (quotation marks omitted). A motion for reconsideration may not be used as a vehicle to relitigate issues already decided by the Court. Id. Notwithstanding this strict standard, the Court, in an abundance of caution, reconsiders and clarifies its Summary Judgment Order as follows.

II. Analysis[2]

A. Request to Reconsider the Court's Determination as to Count Three

Suffolk County Defendants assert the Court "mistakenly" granted summary judgment in favor of Plaintiff as to Count Three. Upon reconsideration of the Court's ruling and Suffolk County Defendants' argument, the Court concludes such argument is without merit and adheres to its original ruling granting summary judgment in favor of Plaintiff as to this Count. Suffolk County Defendants allege the Court misstated that Plaintiff was arrested "in" her home as opposed to "at" her home; however, such distinguishment is inconsequential under the law. The law is clear, "the area 'immediately surrounding and associated with the home'—what [the

---

[2] The Court notes Defendant Suffolk County's request for an updated docket sheet is not properly brought via a motion for reconsideration. Notwithstanding the foregoing, in light of the fact that all counts against Defendant Suffolk County i.e., Counts Four, Seven, Eight, Nine, and Ten, have been either dismissed by the Court or withdrawn by Plaintiff (see generally, Mem. and Order), Defendant Suffolk County, identified on the docket sheet as "County of Suffolk", is hereby dismissed from this case. The Clerk of Court is DIRECTED to update the docket sheet to so reflect.

3

Supreme Court] call[s] the curtilage—[i]s 'part of the home itself for Fourth Amendment purposes.'" Florida v. Jardines, 569 U.S. 1, 6 (2013) (citing Oliver v. United States, 466 U.S. 170, 180 (1984)). Accordingly, even if Plaintiff were standing in the doorway of her home or just outside of her home at the time of her arrest, such arrest would still have violated Plaintiff's Fourth Amendment right against unreasonable search and seizure, and would warrant a finding, as a matter of law, in favor of Plaintiff as to Count Three. See, e.g., United States v. Allen, 813 F.3d 76, 85 (2d Cir. 2016) ("We therefore hold that irrespective of the location or conduct of the arresting officers, law enforcement may not cause a suspect to open the door of the home to effect a warrantless arrest of a suspect in his home in the absence of exigent circumstances").

Therefore, upon reconsideration, the Court adheres to its original ruling granting summary judgment in favor of Plaintiff as to Count Three.

> B. Request to Reconsider the Court's Determination as to Defendants' Qualified Immunity Defense

Despite Suffolk County Defendants' contentions otherwise, there remains a dispute of fact as to whether Defendant Officers are entitled to qualified immunity.

> [T]he Second Circuit has held that courts should [only] cloak defendants with qualified immunity at this [summary judgment stage of litigation] . . . "if the court finds that the

4

> asserted rights were not clearly established, or if the evidence is such that, even when it is viewed in the light most favorable to the plaintiff and with all permissible inferences drawn in [plaintiff's] favor, no rational jury could conclude that it was objectively reasonable for the defendants to believe they were acting in a fashion that did not violate a clearly established right."

Mangino v. Inc. Vill. of Patchogue, 739 F. Supp. 2d 205, 264 (E.D.N.Y. 2010) (citations and alterations omitted). Moreover, as Suffolk County Defendants point out, even where a right is "clearly established," an officer is entitled to qualified immunity "if 'officers of reasonable competence could disagree' on the legality of the action at issue in its particular factual context." Walczyk v. Rio, 496 F.3d 139, 154 (2d Cir. 2007) (citing Malley v. Briggs, 475 U.S. 335, 341 (1986)).

Suffolk County Defendants argue the Court's statement that "reasonably competent officers could disagree about whether there was probable cause to arrest [Plaintiff]" (see Mem. and Order at 24), which was made in the context of its finding that there is a genuine dispute of material fact concerning Plaintiff's Fourth Amendment § 1983 claims and parallel state law claim, renders a finding that Officers Pav and LaRocco are entitled to qualified immunity. The Court disagrees. To the extent the Court's Summary Judgement Order was ambiguous, the Court clarifies: it did not intend to find, as a matter of law, that reasonable officers could disagree about whether there was probable cause to arrest

5

Plaintiff; rather, given the enumerated disputed facts discussed in the Summary Judgment Order, the Court was finding that a jury could potentially make such a determination.  Put simply: in light of the material facts in dispute, which, in its preceding sentence, the Court had enumerated, this issue of whether reasonable officers could disagree about whether there was probable cause to arrest Plaintiff is for a jury to decide, not the Court.  See generally, 53rd St., LLC v. U.S. Bank Nat'l Ass'n, 8 F.4th 74, 77 (2d Cir. 2021) ("A genuine dispute as to a material fact 'exists and summary judgment is therefore improper where the evidence is such that a reasonable jury could decide in the non-movant's favor.'").  Given the Court's intention (which it believed to be apparent) and reiterating the Court's view that there is an issue of fact as to the applicability of the qualified immunity defense (see Mem. and Order at 25 fn.10), upon reconsideration, the Court adheres to its original ruling and declines to grant summary judgment in favor of Officers Pav and LaRocco based upon the claimed defense of qualified immunity.

    C. Conclusion

Accordingly, it is HEREBY ORDERED, the Reconsideration Motion is GRANTED; however, upon reconsideration, the Court adheres to its original rulings.

6

IT IS FURTHER ORDERED:

I. The Clerk of Court shall update the docket sheet to reflect the dismissal of Defendant Suffolk County (identified on the docket sheet as "County of Suffolk");

II. The parties shall submit a Joint Pre-trial Order in accordance with the Court's Individual Rules no later than 60 days from the date of this Order; and

III. In light of the parties' representation that they are engaged in settlement discussions, by no later than **April 22, 2025,** the parties shall submit a joint letter to the Court indicating whether they wish to proceed with a settlement conference before Magistrate Judge Wicks and/or mediation.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 15, 2025
        Central Islip, New York